1042

tion to say; but under these stipulations it is the duty of the executors to pay these two girls the annuities due them, until such time as the trust funds can be set up in accordance with the stipulations.

Since the amount of the estate necessary to pay the costs of administration and debts against the estate, and bequests to non-charitable institutions, is not involved in the controversy, it is not affected by the settlement, and therefore all such obligations of the estate should be met as though no stipulations existed. But after they are paid, then Elsie Edwards and Grace Stevenson are entitled to the payment of the annuities due them in accordance with the stipulations of settlement entered into, before the payment of any of the bequests, specific or residuary, are made to charitable institutions.

The decree of the lower court is so modified.

Affirmed in part; reversed in part.

On the appeal of the cross-appellants, judgment and decree of the lower court is affirmed.

KINTZINGER, C. J., and ANDERSON, DONEGAN, PARSONS, HAMILTON, and RICHARDS, JJ., concur.

ALBERT, J., dissents as to second division of the opinion.

E. L. JENKINS, Appellee, v. UNIVERSITY AVENUE COAL COMPANY et al., Appellants.

No. 42615.

